IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GLYNIS BETHEL,                    :

       Petitioner,            :

vs.                              :        CA 06-0605-KD-C

CLIFF YETTER,                    :

       Respondent.

## REPORT AND RECOMMENDATION

Glynis Bethel, at present a free citizen who stands convicted by an Alabama municipal court of four misdemeanor offenses, filed her complaint for habeas corpus relief pursuant to 28 U.S.C. § 2254 on September 29, 2006. (Doc. 1) After service of the complaint, respondent filed an answer on November 6, 2006 (Doc. 9) and therein contends that petitioner's federal petition is premature because she has not exhausted her claims in the state courts of Alabama. Bethel filed her reply to respondent's answer on November 22, 2006. (Doc. 10)

This action has been referred to the undersigned, pursuant to 28 U.S.C. § 636(b)(1)(B), for entry of findings of fact and a recommendation as to the appropriate disposition of this case. After a complete review of all materials,

it is determined that this action has been prematurely filed and therefore, should be dismissed as unexhausted.

### FINDINGS OF FACT

1.      On September 15, 2005, Bethel was convicted in the Loxley Municipal Court of four misdemeanor offenses: third-degree assault on a police officer, Ala. Code § 13A-6-22(b) ("Assault in the third degree is a Class A misdemeanor."), resisting arrest, Ala. Code § 13A-10-41(6) ("Resisting arrest is a Class B misdemeanor."), failure of a disorderly person to disperse, Ala. Code § 13A-11-6(b) ("Failure of a disorderly person to disperse is a Class B misdemeanor."), and disorderly conduct, Ala. Code § 13A-11-7(b) ("Disorderly conduct is a Class C misdemeanor."). (*See* Doc. 1, at 2; Doc. 9, at 1) In accordance with Alabama law, the charges against Bethel were tried by a municipal judge without a jury. Ala. Code § 12-14-6 ("All cases in municipal courts shall be tried by a judge without a jury.").[1] The following day, September 16, 2005, Bethel executed four separate notices of appeal to the Circuit Court of Baldwin County, Alabama, therein demanding trial by

---

[1]      "The municipal court shall have concurrent jurisdiction with the district court of all acts constituting violations of state law committed within the police jurisdiction of the municipality which may be prosecuted as breaches of municipal ordinances." Ala. Code § 12-14-1(c).

jury. (Doc. 9, Exhibit A, Notices of Appeal to Circuit Court)[2]

2.    On October 2, 2006, the Baldwin County Circuit Court dismissed Bethel's appeals due to her failure to appear for trial and remanded each of her four cases to the Town of Loxley "for further proceedings related to enforcement of the sentence[s] in the lower court." (Doc. 9, Exhibit A, ORDERS)[3]  There is nothing filed, to date, indicating that the Loxley Municipal Court has conducted any further proceedings related to enforcement of the sentences in that court.

3.    In reply to the respondent's argument that she has failed to exhaust her state remedies, Bethel covers a broad spectrum that ranges from arguing the merits of her case and claiming that the charges against her are

---

[2]    "A defendant convicted of an offense in a municipal court or a district court shall have the right to appeal the judgment, within fourteen (14) days of the date of the judgment or the denial of a timely filed post-judgment motion, to the circuit court for a trial de novo." Ala.R.Crim.P. 30.1; *see also* Ala. Code § 12-14-70(a) ("All appeals from judgments of municipal courts shall be to the circuit court of the circuit in which the violation occurred for trial de novo.").

[3]    "Upon failure of an appellant to appear in the circuit court when the case is called for trial, unless good cause for such default is shown, the court shall dismiss the appeal and upon the expiration of 30 days from such date, unless the dismissal is set aside, the circuit clerk shall return the file, with a copy of the order of dismissal, to the clerk of the court from which the appeal was taken and the judge of such court may enter judgment of default on the appeal bond by utilizing the procedures set forth in Section 15-13-81." Ala. Code § 12-14-70(f); *see also* Ala.R.Crim.P. 30.5(b) ("Where the appellant, without sufficient excuse, does not appear for trial de novo when called for trial, the court may dismiss the appeal, order the bond forfeited, and remand the case to the court appealed from for enforcement of the lower court's judgment.").

false and, therefore, "do not exist," (Doc. 10, at 1-9) to claiming that she has

no alternative other than to seek justice in this Court because the Alabama

justice system has not and will not protect her constitutional rights.  (*See id*. at

6-9)

       20.    Contrary to what the assistant attorney general and the Office of the Attorney argues, "Bethel's federal petition is premature because her convictions are not final and are still pending in the state courts. Bethel is not entitled to federal habeas review of her claims until she has exhausted her state remedies," the Petitioner's claims are not pending in the state courts because they were dismissed on September 15, 2005, by the prosecuting attorney Russell Watson after the criminal proceedings, which rendered a final order or final judgment or final conviction in the Town of Loxley Municipal Court through their very own "trial de novo" unconstitutional practice; therefore, the false charges from April 09, 2005, do not exist;

       21.    The Petitioner appealed to the criminal court of appeal, but the appeal was denied because the Baldwin County Circuit Court refused to allow the Petitioner to appeal to the court of criminal appeals in Montgomery. The Petitioner sent the criminal court of appeals her appeals notice, but they sent it back stating that it had to come from the Baldwin County Circuit Court which is evidence of the "denial of plaintiff's right to appeal," but also an "abuse of process," and "Plaintiff's conviction was obtained by defendants by a violation of the protection against double jeopardy" by forcing the Petitioner to submit her "appeal bond" to another court to be convicted again for the same charges which denied the Petitioner a right to review by an appeal; therefore, the false charges from April 09, 2005, do not exist;

       22.    Contrary to what the assistant attorney general and the Office of the Attorney argues, the Habeas Corpus petition

review is not limited to just exhausting the remedies, but also the fact that a Habeas Corpus petition can be filed 28 USC 2254 if there "(B)1 [] is an absence of available corrective process" or "(ii) circumstances exist that render such process ineffective to protect the rights of the applicant"; therefore, the false charges from April 09, 2005, do not exist based on the fact that there is absence [of] available corrective process and such process[es] are ineffective to protect the constitutional rights of the applicant;

23.     Contrary to what the assistant attorney general and the Office of the Attorney argues the Petitioner's claims were submitted to the state court for "review," but the Petitioner has no remedy because the state court has no jurisdiction and the criminal court has refused the Petitioner's appeal and the Petitioner has already appeared in the state court for the criminal charges from April 09, 2005 and they were dismissed; therefore, the false charges from April 09, 2005, do not exist;

24.     This Habeas Corpus petition is to petition this Federal Court to grant the Petitioner's Habeas Corpus in banning the Town of Loxley in their attempts to bring back the same charges after they have dismissed the false charges against the Petitioner in violation of the 5th Amendment, which is Double Jeopardy. In other words, the Town of Loxley Municipal Court have no jurisdiction over the Petitioner for the false charges from April 09, 2005;

25.     Since the charges are null and void through the violation of multiple constitutional rights which the Petitioner has suffered, the Petitioner has no other remedy because contrary to what the assistant attorney general and the Office of the Attorney argues, "Bethel may raise her claims in a petition under Rule 32 of the Alabama Rules of Criminal Procedure and file it in the Loxley Municipal Court" through a "trial de novo" to the Baldwin County Circuit Court is not a remedy because this practice is not only unconstitutional, but also the "right to appeal the judgment" is to be done within 14 days of the date of

the judgment which was denied by the Town of Loxley Municipal Courts; therefore, the false charges from April 09, 2005, do not exist;

26.     Contrary to what the assistant attorney general and the Office of the Attorney argues, the Petitioner was denied her timely appeal within the 14 days; denied a jury trial in the Town of Loxley Municipal Courts; therefore, the false charges from April 09, 2005, do not exist;

27.     The final judgment[s] of Judge Michael Dasinger are null and void because of the denial of a jury [trial] which is a right given to the Petitioner by the 6th Amendment;

28.     Contrary to what the assistant attorney general and the Office of the Attorney argues, "Because the state procedural rules allow Bethel to challenge the municipal convictions by filing a Rule 32 petition, she must file the Rule 32 petition and raise these claims before the claims are exhausted for federal habeas review" the "state procedural rules" are not law and according to the law any "policy, custom or practice" which violates a person's constitutional rights is to be repealed. Rule 32 is highly unconstitutional and needs to be repealed because it violated the 1st 4th 5th 6th 8th 13th and 14th Amendments to the United States Constitution which is the final authority; therefore, the false charges against the Petitioner from April 09, 2005, do not exist;

29.     Contrary to what the assistant attorney general and the Office of the Attorney argues the Petitioner has exhausted her state court remedies because she can not raise her claims in a rule 32 petition because the Rule 32 petition ". . . that may be filed in the Loxley Municipal Court," is highly unconstitutional.

(*Id.*)

## CONCLUSIONS OF LAW

1.      A claim for federal habeas corpus relief is not exhausted so long as a petitioner "has a right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). "Section 2254(c) requires only that state prisoners give state courts a *fair* opportunity to act on their claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999) (emphasis in original; citations omitted). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id*. at 845, 119 S.Ct. at 1732.

2.      A habeas claim is deemed to be exhausted when "it is fair to assume that further state proceedings would be useless." *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989). This standard is met when the precise issue raised in a habeas petition has been "fairly presented" to the state's highest court. *See id*. (citation omitted). The exhaustion requirement is not met "where the claim has been presented for the

first and only time in a procedural context in which the merits will not be considered unless 'there are special and important reasons therefor[.]'" *Id.* (citation omitted).  If the claims raised in a federal habeas corpus petition have not been exhausted, the petition should be dismissed. *See Anderson v. Harless*, 459 U.S. 4, 6 & 7-8, 103 S.Ct. 276, 277 & 278, 74 L.Ed.2d 3 (1982).

   3. The exhaustion requirement is excused if "there is either an absence of available State corrective process[] or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i) & (ii).[4] A failure to exhaust has been excused where, because of prior rulings, resort to the state courts would be futile. *See Allen v. State of Alabama*, 728 F.2d 1384, 1387 (11th Cir. 1984). Exhaustion has also been excused where the state has unreasonably delayed in acting on the petitioner's efforts to invoke state remedies or fails to address the petition without explanation. *See, e.g., Hollis v. Davis*, 941 F.2d 1471, 1475 (11th Cir. 1991) ("A federal *habeas* petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief."), *cert. denied*, 503 U.S. 938, 112 S.Ct. 1478, 117 L.Ed.2d 621 (1992); *Cook v. Florida Parole & Probation Comm'n*,

---

   4 Importantly, § 2254(b)(1) presupposes that the habeas corpus applicant is in custody pursuant to a judgment of a state court. *See id.*

8

749 F.2d 678, 679 (11th Cir. 1985) ("State remedies will be found ineffective and a federal habeas petitioner will be excused from exhausting them in the case of unreasonable, unexplained state delays in acting on the petitioner's motion for state relief."). Finally, other special or exceptional circumstances may also excuse exhaustion. *See, e.g., Clarke v. Grimes*, 374 F.2d 550, 551 (5th Cir. 1967) ("It is true that under Fay v. Noia, the federal trial court has broad discretion to hear a habeas corpus petition though state remedies have not been exhausted, if there are circumstances which demand relief to protect the rights of the prisoner.").

4.      In this case, this Court need read petitioner's reply to the respondent's answer as a request that she be excused from exhausting her state remedies (*see* Doc. 10), which may include directly appealing the entry of judgment by the municipal court (whenever that occurs[5], *see* Ala.R.Crim.P. 30.3(a) ("A defendant may appeal from a final judgment in a criminal case entered by a municipal or a district court for trial de novo in the circuit court by filing with the clerk of the municipal or the district court a written notice of appeal within fourteen (14) days from the date of pronouncement of

---

[5]      Bethel's petition for writ of habeas corpus is certainly premature because she is not presently "in custody pursuant to the judgment of a State court[.]" 28 U.S.C. § 2254(a). The habeas corpus statute presupposes that the petitioner is in custody at the time she files her attack on her convictions and sentences.

sentence or the date of denial of a timely filed post-trial motion, whichever is later."), and definitely includes collaterally attacking her misdemeanor convictions and sentences through a Rule 32 proceeding, *Scott v. State*, 939 So.2d 950, 952 & 954 (Ala.Crim.App. 2005) ("'Rule 32.10, Ala.R.Crim.P., provides that "[a]ny party may appeal a decision of a district or municipal court according to existing procedure." The "existing procedure" for a defendant's appeal of a municipal court decision is found in Rule 30.1(a), Ala.R.Crim.P. . . . Rule 30.1(a) states: '"(a) Trial De Novo. A defendant convicted of an offense in a municipal court or a district court shall have the right to appeal the judgment, within fourteen (14) days of the date of the judgment or the denial of a timely filed post-judgment motion, to the circuit court for a trial de novo."' . . . [T]he plain language of Rule 30.1(a), Ala.R.Crim.P., does not support the conclusion that, when a Rule 32 petitioner appeals a district court's ruling on his petition to the circuit court, the circuit court should review the Rule 32 petition de novo. . . . [W]e conclude that, on appeal from a district court's ruling on a Rule 32 petition, a circuit court should conduct a limited review, in the nature of certiorari."), *cert. denied* (Ala. 2006). The undersigned finds, however, that petitioner has failed to establish that her case is one of those rare cases in which the failure to exhaust

may be excused. More specifically, petitioner's reply to the answer contains nothing but conclusory allegations and reflects her inability or unwillingness to understand Alabama's procedural rules in criminal cases; such intransigence and myopic thinking does not counsel excusing her failure to exhaust. Simply because Bethel proclaims in divinely-clad language that all of Alabama's procedural rules and processes are unconstitutional does not make it so.[6] It is apparent to the undersigned that the real problem in this case is that Bethel thinks that the Alabama Rules of Criminal Procedure, as well as the Alabama Code, do not apply to her because she has refused to follow them at every turn. For instance, though she appealed each of her four misdemeanor convictions in municipal court to the Baldwin County Circuit Court for a trial *de novo*, as provided by Alabama law, she failed to appear for that trial and now claims that had she appeared she would have twice been placed in jeopardy of life and limb. Instead of simply "going along" with Alabama's process, as laid out in its rules of criminal procedure and code, and then challenging same as

---

[6]     The undersigned finds it interesting that Bethel continuously makes the claim that the charges against her are false and "do not exist" and, in several other instances, states the charges were dismissed. (Doc. 10)  If the charges have, in fact, been dismissed against Bethel she has absolutely no basis to seek habeas corpus relief in this Court. The federal courts are not in the business of granting injunctive relief in habeas corpus actions. (*See id*., at 7 ("This Habeas Corpus petition is to petition this Federal Court to grant the Petitioner's Habeas Corpus on banning the Town of Loxley in their attempts to bring back the same charges after they have dismissed the false charges against Petitioner[.]"))

unconstitutional in the state courts of Alabama,[7] she expects this Court to proclaim all Alabama criminal procedures and processes unconstitutional. This Court refuses to chart the unprecedented course Bethel suggests. It is the undersigned's opinion that petitioner be required to exhaust her state remedies, once her convictions become final, and thereby give all of Alabama's state courts one full opportunity to resolve the plethora of constitutional issues she has raised in her habeas corpus petition.

## RECOMMENDATION

The Magistrate Judge recommends that Glynis Bethel's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed, without prejudice, to allow petitioner the opportunity to fully exhaust her state court remedies once her convictions become final.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 12th day of December, 2006.

   s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

[7]      One reason the exhaustion doctrine exists is so that state courts, in the first instance, can remedy constitutional problems with state procedures and rules. *See O'Sullivan, supra*, 526 U.S. at 844, 119 S.Ct. at 1732.

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
<u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.


  s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE